John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Kara W. Edmunds, Esq.
Edmunds Law Firm
2280 Forest Avenue
Boulder, CO 80304
Tel. (336)509-1818
kara@kwelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

JAIME GENTRY, as Mother and Natural      :
Guardian of RG, a minor,                 :
                                         :
            Plaintiff,                   :
                                         :
                                         :   Case No. 1:21-cv-02227
vs.                                      :
                                         :
STONE CASTLE CORPORATION, a              :
Colorado Corporation,                    :
                                         :
            Defendant.                   :
_____

## **COMPLAINT**

Plaintiff JAIME GENTRY, as Mother and Natural Guardian of RG, a minor, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, STONE CASTLE CORPORATION, a Colorado Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA") and the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Statutes 24-34-60, et seq.

1

### COUNT I
### VIOLATION OF TITLE III OF THE
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.      Plaintiff, Jaime Gentry, and her son RG, a minor, reside in Parkland, Florida, in the County of Broward.

2.      Defendant's property, DoubleTree by Hilton Hotel Denver - Thornton, is located at 83 East 120th Ave., Thornton, CO 80233, in the County of Adams.

3.      Venue is properly located in the District of Colorado because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq.  See also 28 U.S.C. § 2201 and  § 2202.

**5.**      Plaintiff, Jaime Gentry, as mother and natural guardian of RG, a minor, is a Florida resident, and is sui juris.  Her son, RG, is disabled as defined by the ADA.  RG, born 2004, has a very complex medical history including multiple heart surgeries for hypoplastic left heart.  He also has a history of chronic back pain and scoliosis related to this.  It is medically necessary for him to have a scooter style wheelchair.  RG cannot walk more than 30 feet without the use of a wheelchair.  RG also has limitations on his ability to grasp.

6.      Ms. Gentry and her family, including her son RG, regularly travel to Colorado to visit her cousins who live in Northglenn, Colorado and Arvada, Colorado, and to enjoy the beauty, cultural and recreational activities that the state of Colorado offers.  Ms. Gentry grew up and lived in Erie and Westminster, Colorado for seven years.

7.      Ms. Gentry and her son, RG, were hotel guests of the subject DoubleTree by Hilton Hotel Denver - Thornton, Thornton, Colorado on May 22-23, 2021.

8.      Ms. Gentry and her son, RG, have been to Thornton, Colorado many times in conjunction with their living in Colorado and their many visits to Colorado, and to visit with their cousins.  Ms. Gentry and her son, RG, definitely intend to continue to travel to Colorado on a regular basis, including Thornton, Colorado, and definitely intend to return to the subject hotel, when it is brought into compliance with the ADA, which is a place of public accommodation, and to confirm that the facility is brought into compliance with the ADA.

9.       The ADA violations as set forth herein, have endangered RG's safety, and will in the future continue to endanger his safety, until the barriers are corrected.

10.     Defendant owns, leases, leases to (or operates) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as DoubleTree by Hilton Hotel Denver - Thornton, and is located at 83 East 120th Ave., Thornton, CO 80233.

11.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant=s non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit the subject property not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of DoubleTree by Hilton Hotel Denver - Thornton has shown that violations exist.   These violations that Plaintiff personally encountered or observed include, but are not limited to:

### Accessible Routes

A.     The facility does not provide an accessible route that is connected from the accessible spaces and passenger loading zone; public streets and sidewalks, and public transportation stops to the accessible facility entrances they serve, preventing the Plaintiff from using a safe accessible route into and throughout the property, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.     The gutter at the bottom of the entrance ramp has a surface slope greater than 8.3% making it difficult for the Plaintiff to traverse, in violation of Section 405.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Men's Public Restroom

A.     The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser and the dispenser exceeds the maximum height of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 305.3, 305.5, 305.6, 309.3, and 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

### Guest Room 104

A.     The accessible room signage did not provide the International Symbol of Accessibility as required, in violation of Section 216.6 in the 2010 ADA Standards, whose resolution is readily achievable.

4

B.      The threshold at the door has a vertical change in level that exceeds the maximum requirement of ¼ inch making it difficult for the Plaintiff to traverse in the room, in violation of Section 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable.

C.      The security latch exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

D.      The iron exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

E.      The grab bars in the alternate roll-in type shower are not in the compliant locations as required making it difficult for the Plaintiff to utilize, in violation of Section 608.3.3 in the 2010 ADA Standards, whose resolution is readily achievable.

F.      The controls and shower spray unit in the alternate roll-in type shower are not in the compliant location as required making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 608.5.3 in the 2010 ADA Standards, whose resolution is readily achievable.

G.      The folding seat in the alternate shower is mounted on the back wall not the front wall as required making it difficult for the Plaintiff to utilize, in violation of Section 610.3 in the 2010 ADA Standards, whose resolution is readily achievable.

H.      The mirror exceeds the maximum height allowance of 40 inches above the finish floor to the reflecting surface making it difficult for the Plaintiff to use, in violation of Section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable.

I.       The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum in front of the water closet to the centerline of the dispenser making it difficult for the Plaintiff to use, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution readily achievable.

J.       The trash receptacle and lavatory are obstructing the 60 inches of perpendicular clearance from the side wall around the water closet making it difficult for the Plaintiff to utilize, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Maintenance**

    A.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

**Number and Dispersion of Wheelchair Accessible Guest Rooms**

    A.    The facility fails to provide the number of compliant disabled rooms for wheelchair users, including disabled rooms with roll-in showers as required by Section 224.2 of the 2010 Accessibility Standards, and fails to disperse same among the various classes of guest rooms, and provide choice of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests, as required by Standard 224.5.

14.    All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15.    The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant=s ADA violations. Plaintiff requires the inspection of the Defendant=s place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant=s buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant=s ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant=s place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16.    Defendant has discriminated against the individual Plaintiff by denying her access

to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and § 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney=s fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant=s place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant=s facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant=s facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19.     Notice to Defendant is not required as a result of the Defendant=s failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject facility to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §

12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

e.      The Order shall further require the Defendant to maintain the required accessible

features on an ongoing basis.

**COUNT II**
**VIOLATION OF COLORADO ANTI-DISCRIMINATION ACT ("CADA")**
(Colo. Rev. Stat. § 24-34-601, *et seq.*)

21.     Plaintiff realleges and incorporates by reference all allegations set forth in this

Complaint as fully set forth herein.

22.     Under the CADA:

It is a discriminatory practice and unlawful for a person, directly or
indirectly, to refuse, withhold from, or deny to an individual or a
group, because of disability . . , the full and equal enjoyment of the
goods,    services,    facilities,    privileges,    advantages,    or
accommodations of a place of public accommodation[.]   Colo.
Rev. Stat. § 24-34-601(2).

23.     Pursuant to the implementing state regulations, the CADA is "substantially

equivalent to Federal law, as set forth in the Americans with Disabilities Act . . ." 3 CO ADC

708-1:60.1(B).  The regulations further provide that "[w]henever possible, the interpretation of

state law concerning disability shall follow the interpretations established in Federal regulations

adopted to implement the Americans with Disabilities Act . . . and in the Federal case law

interpreting the Americans with Disabilities Act . . ." 3 CO ADC 708-1:60.1(C).

24.     As set forth above, Defendant has violated the CADA by denying individuals who

use wheelchairs the full and equal enjoyment of the goods, facilities, services and

accommodations of the DoubleTree by Hilton Hotel Denver - Thornton.

25.     Defendant's violations of the CADA have harmed Plaintiff and will continue to

harm Plaintiff in the absence of the injunction sought herein.

      26.    Plaintiff has been damaged and will continue to be damaged by Defendant's violations of the CADA.

      27.    Any Person who violates Section 24-34-601 "shall forfeit and pay a sum of not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby . . ." Colo. Rev. Stat. § 24-34-602(1).

## PRAYER FOR RELIEF

      WHEREFORE, Plaintiff respectfully prays:

      A.    That this Court assume jurisdiction;

      B.    That this Court issue an injunction ordering Defendant to comply with the ADA and the CADA;

      C.    That this Court award monetary damages to Plaintiff Jaime Gentry, as Mother and Natural Guardian of RG, a minor, to the maximum extent permitted;

      D.    That this Court award Plaintiff's reasonable attorneys' fees, litigation expenses and costs; and

      E.    That this Court award such additional or alternative relief as may be just, proper and equitable.

F.      The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

_/s/Kara W. Edmunds
Kara W. Edmunds, Esq.
Edmunds Law Firm
2280 Forest Avenue
Boulder, CO  80304
Tel. (336)509-1818
kara@kwelaw.com

/s/John P. Fuller
John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiff Jaime Gentry, as Mother
and Natural Guardian of RG, a minor